W. W. Martin, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 11310. Promulgated July 17, 1928.

*Walter W. McVay, Esq.*, for the petitioner.
*L. C. Mitchell, Esq.*, for the respondent.

OPINION.

STERNHAGEN : The petitioner urges that no more than $13,000 may be subjected to excess-profits tax as salary received from the partnership, because this amount only was designated by the partnership as his salary, so accounted for on the partnership books, and so classified by petitioner on his return. The designation on his return of $13,000 as salary and $28,318.76 as " income from partnership " does not carry any legal sanction, for the partnership (of which petitioner held a 65 percent interest) could classify its distributions arbitrarily as it chose. See *S. U. Tilton*, 8 B. T. A. 914; *John A. L. Blake*, 9 B. T. A. 651, 655.

The fair construction of the excess-profits tax of 1917 requires that an amount, reasonable under all the circumstances, should be recog-

nized as salaries paid by the partnership to the partners. *Gottlieb Bros.*, 1 B. T. A. 684. This petitioner, taking advantage of this construction of the statute, has shown that such salary to him was $25,000 and the partnership's net income was so computed. In other words, he and the partnership voluntarily changed the allocation theretofore adopted. Unlike a stockholder of a corporation, a partner may speak for his firm and for himself at the same time; and having committed the partnership he likewise committed himself to the larger salary. The reasons which support the construction adopted in the *Gottlieb* case, *supra*, in favor of the partnership apply also to charge the partner with the salary held deductible. The respondent's determination is in our opinion correct.

*Judgment will be entered for the respondent.*